# EXHIBIT B

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff
ALEJANDRO GARCIA PUENTES, on behalf of himself, and all others similarly situated,

FILED
Superior Court of California
County of Los Angeles
NOV 13 2020
Sherri R. Carter, Executive Officer/Clerk
By ________, Deputy
Rita Nazaryan

BY FAX

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

ALEJANDRO GARCIA PUENTES, on behalf of himself, and all others similarly situated,

Plaintiff,

v.

AMAZON.COM SERVICES LLC, a Delaware limited liability company; AMAZON FLEX, a business entity of unknown form; and DOES 1 through 20, inclusive,

Defendants.

Case No. 20STCV43846

**CLASS ACTION COMPLAINT FOR:**

1. **MISCLASSIFICATION OF EMPLOYEE AS "INDEPENDENT CONTRACTOR."**
2. **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 226.7, 512, 1194);**
3. **FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§1182.12, 1194, 1194.2, 1197);**
4. **FAILURE TO INDEMNIFY FOR NECESSARY BUSINESS EXPENSES (CAL. LABOR CODE §2802)**
5. **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);**
6. **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**
7. **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203); AND**
8. **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.);**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

11/17/2020

Plaintiff ALEJANDRO GARCIA PUENTES, individually on behalf of himself, and all other similarly situated employees, hereby filed this Complaint against Defendants AMAZON.COM SERVICES LLC, a Delaware limited liability company, AMAZON FLEX, a business entity of unknown form, and DOES 1 through 20 (hereinafter collectively referred to as "Defendants"). Plaintiff is informed and believes, and thereon alleges as follows:

## INTRODUCTION

1. This is a civil action seeking recovery for Defendants' violations of the California Labor Code, California Business and Professions Code ("B&PC"), the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Orders") and related common law principles.

2. Plaintiff brings this class action on behalf of all non-exempt employees (collectively referred to herein as "Class Members") employed by Defendants and Does 1-20 in California from the date four years prior to the filing of this Complaint through the date of trial in this action.

3. Plaintiff seeks monetary damages and injunctive relief, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

4. The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter although this should not automatically be considered the statute of limitations for any cause of action herein.

## RELEVANT JOB TITLES

5. For introductory and general information only (and not to be considered a proposed class definition), the relevant job titles held by the California citizens in this action are Defendants' "delivery driver" employees (hereinafter including any of Defendants' job positions with substantially similar titles and/or duties).

6. During the appropriate time period, Defendants' non-exempt delivery drivers are and were misclassified as an independent contractor.

11/17/2020

7. The general obligations and responsibilities of Defendants' delivery drivers are virtually identical from region to region, district to district, facility to facility, and employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented in this action.

**JURISDICTION AND VENUE**

8. This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, Defendants employ numerous "delivery drivers" employees in Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County. There is no federal question at issue as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, Code of Civil Procedure, Civil Code, and B&PC. Thus, the above entitled court maintains appropriate jurisdiction to hear this matter.

9. Plaintiff is informed and believes that the individual claims of California employees are under the $75,000.00 threshold for Federal diversity jurisdiction and the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005.

**THE PARTIES**

**PLAINTIFF ALEJANDRO GARCIA PUENTES**

10. Plaintiff Alejandro Garcia Puentes ("PUENTES") is an individual over the age of eighteen (18) and is now, and at all times mentioned in this Compliant, was a citizen of the State of California.

11. On or about May 1, 2018, Plaintiff PUENTES was hired by Defendants to work as a delivery driver. Plaintiff PUENTES was a full-time, non-exempt employee. Plaintiff PUENTES worked for Defendants until July 31, 2019.

**Misclassification as Independent Contractor**

12. During the period of Plaintiff's employment with Employers, Plaintiff was a non-exempt employee of Employers, and each of them based upon their alter ego relationship, as defined by California

11/17/2020

Labor Code §350(b). Throughout the course of Plaintiff's employment, through and including the date of Plaintiff's wrongful termination, Employers completely controlled Plaintiff's performance, including the manner in which Plaintiff was to perform Plaintiff's required duties, as follows:

a. Defendants provided Plaintiff with all of the equipment, tools and supplies Plaintiff required to do Plaintiff's job;

b. Plaintiff was told what days and hours Plaintiff was required to work, where to go and what to do, and worked a regular schedule;

c. Plaintiff was paid an hourly rate for Plaintiff's labor;

d. Plaintiff had no ability to turn down jobs assigned to Plaintiff by Employers; and

e. Employers had the right to discipline Plaintiff and to fire Plaintiff at will;

13. Additional factors confirming Plaintiff's status as an employee include:

f. Plaintiff was not engaged in a distinct occupation or business;

g. Plaintiff was not required to make any major investments in equipment or materials to provide the services;

h. Plaintiff's occupation and work is usually done under the direction of the principal or a supervisor;

i. No particular skill is required for Plaintiff's occupation;

j. Plaintiff was not paid by "the job," but was paid an hourly wage rate;

k. Plaintiff's work was part of the regular business of Employers; and

l. Plaintiff believed, by going to work for Employers, Plaintiff was creating an employer-employee relationship;

m. Plaintiff was told what days and hours Plaintiff was required to work, where to go and what to do;

n. Employers failed to comply with the Independent Contractor Reporting requirements that required Employers report to the Employment Development Department ("EDD"), within 20 days if Employers hired an independent contractor who is an individual or sole proprietorship, who Employers have either paid, or contracted to pay, more than $600.

11/17/2020

14. Despite the aforementioned facts, Employers illegally classified Plaintiff as an "independent contractors" instead of as an employee, and wrongfully issued Plaintiff IRS Form W-1099 forms.

15. Because Employers misclassified Plaintiff as an independent contractor, at no time during Plaintiff's employment was Plaintiff paid for all hours worked or overtime premiums, nor was Plaintiff provided with uninterrupted 10-minute rest periods as required by law, with uninterrupted meal periods as required by law, or with itemized wage statements as required by law.

16. Throughout the period of employment, Plaintiff PUENTES worked on average six days per week, for a total of approximately 36 hours per week.

17. Plaintiff PUENTES worked approximately 12 hours per week for which Plaintiff received no wages at all, not Plaintiff's hourly wage rate, or even the requisite minimum wage.

18. Throughout Plaintiff's employment, Plaintiff was not reimbursed for the expenses he incurred that were necessary for him to perform his duties, such as gasoline and mileage reimbursement.

19. Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof. One or more of Plaintiff's 10-minute rest periods were not provided and/or interrupted approximately five times per week.

20. Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff worked. One or more of Plaintiff's 30-minute meal periods were not provided approximately 6 times per week.

21. Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents

11/17/2020

whose precise identities are unknown to Plaintiff PUENTES at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

22. At all relevant times, Plaintiff PUENTES and the other hourly employees have been non-exempt employees, and as such, entitled to the protections of the California Labor Code and the Wage Order. Accordingly, Plaintiff PUENTES and the other hourly employees were entitled to be paid at least the minimum wages for all hours worked and for overtime premiums for all hours worked over 8 hours in a single day or over 40 hours in a week.

23. During his employment, Plaintiff PUENTES and the other hourly employees were not permitted to take duty-free rest period of at least ten minutes every four hours worked, as required by California law. Plaintiff PUENTES and/or the other hourly employees were also not provided duty-free meal periods of at least thirty-minutes every five hours worked.

24. Defendants secretly paid Plaintiff PUENTES and/or other employees lower wages than required by statute or contract, failed to maintain working conditions that comply with the Wage Order, failed to provide them with accurate written wage statements, and failed to timely pay them earned wages during employment.

25. Plaintiff PUENTES alleges that as a result of Defendants' systematic time, payroll policies and practices, Plaintiff PUENTES and other non-exempt employees were improperly paid during the time period four (4) years preceding the filing of the original Complaint in the following ways:

a. Not paid the statutory minimum wage in violation of the California Labor Code;
b. Not paid the requisite overtime wages;
c. Not provided with all legally required meal and rest periods in violation of the California Labor Code;
d. Not paid premium wages for each workday in which Defendants failed to provide them with one or more meal periods in violation of the California Labor Code;
e. Not paid premium wages for each workday in which Defendants failed to provide them with one or more rest breaks in violation of the California Labor Code;
f. Not provided with accurate written wage statements in violation of the California Labor Code;

11/17/2020

**DEFENDANT AMAZON.COM SERVICES LLC**

26. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant AMAZON.COM SERVICES LLC ("AMAZON.COM")was and is a Delaware limited liability company, organized under the laws of the state of California, qualified to do business and doing business at 2815 W El Segundo Blvd., in the City of Hawthorne, County of Los Angeles, State of California. At all relevant times, AMAZON.COM employed 26 or more employees.

27. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, AMAZON.COM owned and operated a retail and delivery company.

**DEFENDANT AMAZON FLEX**

28. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant AMAZON FLEX ("FLEX") was and is a business entity of unknown form doing business at 2815 W El Segundo Blvd., in the City of Hawthorne, County of Los Angeles, State of California. At all relevant times, FLEX employed 26 or more employees.

29. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, FLEX owned and operated a retail and delivery company.

**DOES 1 TO 20, INCLUSIVE**

30. DOES 1-20, inclusive, are now and/or at all times mentioned in this Complaint, were licensed to do business or actually doing business in California.

31. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 20, inclusive, and for that reason, DOES 1 to 20 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

32. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

11/17/2020

**ALL DEFENDANTS**

33. At all times relevant herein, Defendants and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 7-2001, and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

34. Defendants, and each of them, are now and/or at all times relevant in this Complaint, were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

35. Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

36. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants, and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint, were acting within the course and scope of that agency, servitude and/or employment.

37. Defendants, and each of them, are now and/or at all times mentioned in this Complaint, were members of and/or engaged in a joint venture, partnership, and common enterprise, and were acting within the course and scope of, and in pursuance of, said joint venture, partnership, and common enterprise.

38. Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

39. Defendants, and each of them, at all times mentioned in this Complaint, approved of, condoned, and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

40. Defendants, and each of them, at all times mentioned in this Complaint, aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

11/17/2020

41. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

42. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

**ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

43. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between AMAZON.COM, FLEX, and DOES 1-20 (collectively "Defendants") that the individuality and separateness of defendants have ceased to exist.

44. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same as Defendants, including, but not limited to because:

a. Defendants are completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b. DOES 1-20 derive actual and significant monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.







11/17/2020

c. Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d. Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e. The business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

45. Accordingly, Defendants constitute the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

46. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendants and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

47. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20 and Defendants, (1) there is an express or implied agreement of assumption pursuant to which DOES 1-20 agreed to be liable for the debts of Defendants, (2) the transaction between DOES 1-20, and Defendants amounts to a consolidation or merger of the two corporations, (3) DOES 1-20 is a mere continuation of Defendants, or (4) the transfer of assets to DOES 1-20 is for the fraudulent purpose

11/17/2020

of escaping liability for Defendants' debts. Accordingly, DOES 1-20 are the successors of Defendants, and are liable on that basis.

## CLASS ACTION ALLEGATIONS

48. Code of Civil Procedure §382 provides in pertinent part: "... [W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiff brings this suit as a class action pursuant to CCP §382.

49. The putative Class Plaintiff will seek to certify are currently composed of "delivery driver" (as defined *supra*) who have worked for Defendants in the four years prior to the filing of the original Complaint herein and through the date of trial, and defined as follows:

50. All California citizens employed by Defendants as "delivery driver" during the appropriate time period who were subjected to Defendants' practices regarding the misclassification as independent contractors as specially described herein (hereinafter, the "Misclassification as Independent Contractor Class");

51. All California citizens employed by Defendants as "delivery driver" during the appropriate time period who were subjected to Defendants' practices regarding the payment of minimum wages for all hours worked as specifically described herein (hereinafter, the "Minimum Wage Class");

52. All California citizens employed by Defendants as "delivery driver" during the appropriate time period who subjected to Defendants' practices regarding the indemnification of business expenses as specifically described herein (hereinafter, the "Business Expenses Class");

53. All California citizens employed by Defendants as "delivery driver" during the appropriate time period who were subjected to Defendants' practices regarding meal periods as specifically described herein (hereinafter, the "Meal Period Class");

54. All California citizens employed by Defendants as "delivery driver" during the appropriate time period who were subjected to Defendants' practices regarding rest periods as specifically described herein (hereinafter, the "Rest Period Class");

11/17/2020

55. All California citizens employed by Defendants as "delivery driver" during the appropriate time period who were subjected to Defendants' practices regarding itemized wage statements as specifically described herein (hereinafter, the "Wage Statement Class");

56. All California citizens employed by Defendants as "delivery driver" during the appropriate time period who were subjected to Defendants' practices regarding not being paid compensation due immediately upon termination or within 72 hours of resignation as specifically described herein (hereinafter, the "203 Class);

57. The Misclassification as Independent Contractor Class, Minimum Wage Class, Business Expenses Class, Meal Period Class, Rest Period Class, Wage Statement Class, and 203 Class are hereinafter collectively referred to as the "Classes."

58. Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiff will formally define and designate a class definition at such time when Plaintiff seeks to certify the Classes alleged herein.

59. Numerosity (Code of Civil Procedure §382):

60. The potential quantity of Class Members as defined is so numerous that joinder of all members is unfeasible and impractical;

61. The disposition of the claims of the Class Members through this class action will benefit both the parties and this Court;

62. The quantity of Class Members is unknown to Plaintiff at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and

63. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records;

64. Superiority (Code of Civil Procedure §382): The nature of this action and the nature of the laws available to Plaintiff make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein, as follows:

65. California has a public policy which encourages the use of the class action device;

66. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small

11/17/2020

claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

67. This case involves large corporate Defendants and a large number of individual Class Members with many relatively small claims and common issues of law and fact;

68. If each individual Class Member were required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

69. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being;

70. Proof of a common business practice of factual pattern, of which the Class Members experienced, is representative of the Classes herein and will establish the right of each of the Class Members to recover on the causes of action alleged herein;

71. Absent class treatment, the prosecution of the separate actions by the individual members of the Classes, even if possible, would likely create:

i) a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings, the same or essentially similar arguments and evidence, including expert testimony;

ii) a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii) inconsistent or varying verdicts or adjudications with respect to the individual Class Members against Defendants;

iv) potentially incompatible standards of conduct for Defendants; and

v) potentially incompatible legal determinations with respect to individual Class Members with would, as a practical matter, be dispositive of the interest of the other Class Members who are not parties to the

adjudication or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

72. The claims of the individual Class Members are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

73. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

74. The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

75. Well-defined Community of Interest: Plaintiff also meets the establish standards for class certification (see, e.g. *Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal. 4h 1096), as follows:

76. Typicality: The claims of Plaintiff PUENTES are typical of the claims of all members of the Classes he seeks to represent because he has been subject to all of the violations described herein, as have all Class Members sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all Class Members were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

77. Adequacy: Plaintiff PUENTES

i) is an adequate representative of the Classes he seeks to represent;

ii) will fairly protect the interests of the members of the Classes;

iii) has no interests antagonistic to the Class Members; and

iv) will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

78. Predominant Common Questions of Law or Fact: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

i) Whether Defendants paid the appropriate overtime wages to the members of the Misclassification as Independent Contractor Class;

ii) Whether Defendants paid the appropriate minimum wages to the members of the Minimum Wage Class;

iii) Whether Defendants failed and continue to fail to authorize and permit legally-requisite rest and meal periods to the members of the Rest Period Class and Meal Period Class in violation of the Labor Code and Section 12 of the IWC Wage Orders;

iv) Whether Defendants failed to timely furnish accurate, itemized and legal wage statements to the members of the Wage Statement Class;

v) Whether Defendants are derivatively liable pursuant to Labor Code §203 to the members of the 203 Class;

vi) Whether Defendants' conduct constitutes unfair, illegal, or fraudulent competition within the meaning of B&PC §17200, et seq.;

vii) Whether Defendants' conduct constitutes unfair, illegal, or fraudulent business practices within the meaning of B&PC § 17200, et seq.;

viii) Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

ix) Whether the members of the Classes are entitled to injunctive relief;

x) Whether the members of the Classes are entitled to restitution; and

xi) Whether Defendants are liable for attorneys' fees and costs.

79. Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. *Collins v. Rocha* (1972) 7 Cal.3d 232, 238).

**FIRST CAUSE OF ACTION**

**FOR MISCLASSIFICATION AS "INDEPENDENT CONTRACTOR"**

**AGAINST ALL DEFENDANTS**

80. Plaintiff, and the putative class, re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

81. Pursuant to Labor Code §226.8(a)(1), it is unlawful for any person or employer to engage in willful misclassification of an individual as an independent contractor. Pursuant to Labor code §226.8(b), if a court issues a determination that a person or employer has violated subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000.00) and not more than fifteen thousand dollars ($15,000.00) for each violation, in addition to any other penalties or fines permitted by law. Pursuant to Labor code §226.8(c), if a court issues a determination that a person or employer has violated subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000.00) and not more than twenty-five thousand dollars ($25,000.00) for each violation, in addition to any other penalties or fines permitted by law.

82. , and each of them based upon their alter ego relationship, as defined by California Labor Code §350(b). However, Defendants purposefully misclassified Plaintiff as an "Independent Contractor" because, by so doing, Defendants lowered their cost of doing business by means of, but not limited to, the following:

a. Defendants did not report or pay the employer's share of federal or state payroll taxes with respect to any of the funds paid to Plaintiff, as required by required by federal and state law;

b. Defendants did not provide or pay for Workers Compensation insurance for Plaintiff;

c. Defendants did not provide or pay for State Disability insurance for Plaintiff; and

d. Defendants did not provide or pay for benefits to Plaintiff that other of Defendants' employees received.

83. As a direct and proximate result of the aforementioned violations of California law committed by Defendants, Plaintiff has suffered, and continues to suffer, substantial losses related to the loss of the employer's share of payroll taxes, the use and enjoyment of such employee benefits, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligation under state law, all to their damage in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court. Plaintiff is thus entitled to recover nominal, actual and

11/17/2020

compensatory damages in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

84. Defendants' failure to classify Plaintiff as an employee, in violation of California law, was knowing and intentional. Defendants have refused to classify Plaintiff as an employee for false and fraudulent reasons. The decision to misclassify Plaintiff as an "independent contractor" was made, maintained, and enforced by Defendants, by and through their offices, directors and/or managing agents, and was done willfully, maliciously, oppressively, and fraudulently, with the wrongful and deliberate intention of injuring Plaintiff, and with a conscious disregard for Plaintiff's rights and defendants' obligations under California laws, all of which has deprived Plaintiff of Plaintiff's property and legal rights. Therefore, in addition to all other types of relief requested herein, Plaintiff is entitled to recover punitive and exemplary damages in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

85. Pursuant to Labor Code §226.8(b)-(c), Plaintiff seeks a determination that Defendants have violated subdivision (a) and have engaged in or are engaging in a pattern or practice of these violations, and seeks penalties of $25,000.00 for each violation, in addition to any other penalties or fines permitted by law.

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES DUE**

**LABOR CODE §§201, 226.7, 512, 1182.12, 1194, 1194.2**

**AGAINST ALL DEFENDANTS**

86. Plaintiff, and the putative class, re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

87. At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11070, as set forth hereinabove. As alleged herein, Defendants routinely failed to pay Plaintiff the correct minimum wage and compensation for missed rest and meal breaks.

11/17/2020

88. As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11070, and Industrial Welfare Commission Order No. 7-2001.

89. Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**FOR FAILURE TO PAY MINIMUM WAGES**

**LABOR CODE §§1182.12, 1194, 1194.2, 1197,**

**IWC WAGE ORDER NO. 7, MINIMUM WAGE ORDER**

**AGAINST ALL DEFENDANTS**

90. Plaintiff, and the putative class, re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

91. At all relevant times, Labor Code §1182.12., 1197, IWC Wage Order 7-2001, and the Minimum Wage Order were in full force and effect and required that Defendant's employees receive the minimum wage for all house worked. Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful. An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage.

92. At all relevant times, Defendants failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code §1182.12.

93. At all relevant times, Defendants employed 26 or more employees.

94. Under California law, Plaintiff is entitled to at least the minimum wage for every hour worked.

95. Defendant's failure to pay the legal minimum wage to Plaintiff, and other similarly aggrieved employees, as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff, and other similarly aggrieved employees, in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

11/17/2020

96. Plaintiff and other similarly aggrieved employees have been deprived of minimum wages due in amounts to be determined at trial, and to additional amounts as liquidated damages, pursuant to Labor Code §§ 1194 and 1194.2.

97. By violating Labor Code §§ 1182.11, 1182.12, and 1197, IWC Wage Order No. 7, and the Minimum Wage Order, Defendant is also liable for reasonable attorneys' fees and costs under Labor Code § 1194.

98. Plaintiff, on behalf of himself, and other similarly situated employees, request relief as described below.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO INDEMNIFY FOR NECESSARY BUSINESS EXPENSES**

**LABOR CODE §2802**

**AGAINST ALL DEFENDANTS**

99. Plaintiff, and the putative class, re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

100. Pursuant to Labor Code §450(a), "no employer…may compel or coerce any employee…to patronize his or her employer, or any other person, in the purchase of any thing of value."

101. Pursuant to Labor Code §2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

102. Plaintiff was required by Defendants to expend Plaintiff's personal funds because of the duties required by Defendants, as alleged hereinabove.

103. Pursuant to Labor Code §2802(a), Defendants are legally required to reimburse Plaintiff for all necessary expenditures incurred in the performance of Plaintiff's duties.

104. Defendants have failed and refused to reimburse Plaintiff for all necessary business expenditures, including gasoline and mileage.

105. As a proximate result of the aforementioned violations of Labor Code §§450(a) and 2502(a), Plaintiff is entitled to recover from Defendants the unpaid balance of all of the necessary aforementioned expenditures.

11/17/2020

106. As a proximate result of the aforementioned violations of Labor Code §§450(a) and 2502(a), Plaintiff has been damaged in an amount according to proof at the time of trial.

107. Pursuant to Labor Code §2802(b), Plaintiff requests that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which Plaintiff incurred the necessary expenditure or loss.

108. Pursuant to Labor Code §2802(c), Plaintiff requests that the Court award Plaintiff reasonable attorneys' fees and costs incurred in this action.

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE MEAL AND REST BREAKS**

**LABOR CODE §§226.7 AND 512**

**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

109. Plaintiff, and the putative class, re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

110. Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

111. Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked in excess of four hours.

112. Plaintiff, and other similarly situated aggrieved employees, regularly worked in excess of five hours per day, and was thereby entitled to take uninterrupted 30-minute meal periods and 10-minute rest periods on each day of work.

113. Defendants failed and refused to provide Plaintiff, and other similarly situated aggrieved employees, with uninterrupted meal and rest periods, and failed to compensate Plaintiff, and other similarly situated aggrieved employees, for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11070 and Industrial Welfare Commission Order No. 7-2001, as follows. When Defendant compensated Plaintiff and other similarly aggrieved employees, for missed meal and rest breaks, Defendant failed compensate them at the proper wage rate.

114. Plaintiff, and other similarly aggrieved employees, have been deprived of wages for missed meal and rest breaks due in amounts to be determined at trial.

11/17/2020

115. As alleged herein, Plaintiff, and other similarly aggrieved employees, are not exempt from the meal and rest break requirements of 8 Code of Regulations §11070 and Industrial Welfare Commission Order No. 7-2001. Consequently, Plaintiff, and other similarly aggrieved employees, are owed one hour of pay at his or her then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that he or she was denied such meal periods, and is owed one hour of pay at his or her regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that he or she was denied such rest periods, calculated as follows.

116. Plaintiff, and other similarly aggrieved employees, have been deprived of his or her rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendant's failure and refusal to pay said compensation.

117. Thus, for the entirety of the time periods set forth above, Plaintiff, and other similarly aggrieved employees, are entitled to recover such amounts to be determined at trial pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

## LABOR CODE §§226 ET SEQ.

## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

118. Plaintiff, and the putative class, re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

119. Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned. An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

11/17/2020

120. In addition, thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

121. At all relevant times, Defendant failed to provide the Plaintiff, and other similarly situated and aggrieved employees with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and other similarly situated and aggrieved employees, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff. Not one of the paystubs that Plaintiff, and other similarly situated and aggrieved employees, received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

122. As alleged herein, Plaintiff and the putative class are not exempt from the requirements of Labor Code §226.

123. This failure has injured Plaintiff, and other similarly situated and aggrieved employees, by misrepresenting and depriving them of hour, wage, and earnings information to which each of them is entitled, causing each of them difficulty and expense in attempting to reconstruct time and pay records, causing each of them not to be paid wages they are entitled to, causing each of them to be unable to rely on earnings statements in dealings with third parties, eviscerating their right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving them regarding their entitlement to minimum wages, meal period and rest period wages. For the time periods that Plaintiff, and other similarly situated and aggrieved employees, were not provided with paystubs at all, their aforementioned injuries are presumed as a matter of law.

124. Plaintiff, and other similarly situated and aggrieved employees, were paid on a bi-weekly basis, and therefore Defendant violated Labor Code §226 numerous times during the last year that Plaintiff, and other similarly situated and aggrieved employees, worked for Defendant. Consequently, Defendant is liable to Plaintiff, and other similarly situated and aggrieved employees, for each of their actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

11/17/2020

125. In addition, thereto, Plaintiff, and other similarly situated and aggrieved employees, are each entitled to civil penalties pursuant to Labor Code §226.3 in the amount to be determined at trial.

126. Based on Defendants' conduct as alleged herein, Defendant is liable for damages and statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor Code §226.3, and other applicable provisions, as well as attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**

**FOR WAITING TIME PENALTIES**

**LABOR CODE §§201-203**

**AGAINST ALL DEFENDANTS, AND DOES 1-20**

127. Plaintiff, and the putative class, re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

128. At all relevant times, Defendants failed to pay all of the similarly situated and aggrieved employees accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of the similarly situated and aggrieved employees' employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

129. As alleged herein, the similarly situated and aggrieved employees are not exempt from the requirements of Labor Code §§201-203.

130. As a direct and proximate result of Defendants' willful failure to pay these wages, the similarly situated and aggrieved employees are entitled to payment of their overtime, meal and rest periods as previously pleaded herein, and in wait time penalties according to proof, calculated based on 30 days of the similarly situated and aggrieved employees' daily wage rate.

131. Based on Defendants' conduct as alleged herein, Defendants are liable for an amount according to proof in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

11/17/2020

**EIGHTH CAUSE OF ACTION**

**FOR UNFAIR COMPETITION**

**BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**

**AGAINST ALL DEFENDANTS**

132. Plaintiff, and the putative class, re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

133. Defendants' violations of 8 Code of Regulations §11070, Industrial Welfare Commission Order No. 7-2001, Labor Code §§201-203, 226, 226.7, 512, 1182.12, 1194, 1194.2, 1197, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

134. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

135. Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated employees, prays:

1. That the Court issue an Order certifying the Classes herein, appointing the named Plaintiff as representative of all others similarly situated, and appointing the law firm(s) representing the named Plaintiff as counsel for the Class Members;

As to the First Cause of Action for Misclassification as Independent Contractor:

a. For civil penalties as allowed by Labor Code §§226.8;

11/17/2020

As to the Second Cause of Action for Failure to Pay Wages:

a. For recovery of the unpaid balance of the full amount of wages due and owing, according to proof;

b. For prejudgment interest as allowed by Labor Code §§201, 226.7, 512, 558, 1182.12, 1194, 1194.2;

c. For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and/or Labor Code §1194(a);

As to the Third Cause of Action for Failure to Minimum Wages:

a. For recovery of the unpaid balance of the full amount of wages due and owing, according to proof;

b. Liquidated damages as allowed by the Labor Code §§ 1194 and 1194.2;

c. For prejudgment interest, as allowed by Labor Code §§ 1194 and 1194.2;

d. For an award of reasonable attorneys' fees and costs pursuant to Labor Code §1194(a);

As to the Fourth Cause of Action for Failure to Indemnify for Business Expenses:

a. For recovery of the unpaid balance of all necessary business expenditures under Labor Code §2802(a);

As to the Fifth Cause of Action for Failure to Authorize and Permit Meal and Rest Periods:

a. For one (1) hour of pay at the regular rate of compensation for each member of the Unpaid Meal Period Class for each workday that a paid meal period was not provided;

b. For one (1) hour of pay at the regular rate of compensation for each member of the Unpaid Rest Period Class for each workday that a paid rest period was not provided;

c. For prejudgment interest as allowed by Labor Code §218.6 and Civil Code §3287;

As to the Sixth Cause of Action for Failure to Provide Itemized Wage Statements:

a. For recovery as authorized by Labor Code §226(e) and 226.3;

b. For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or §226(g);

As to the Seventh Cause of Action for Waiting Time Penalties:

a. For recovery as authorized by Labor Code §203;

11/17/2020

b. For an award of reasonable attorneys' fees and costs pursuant to Labor Code §203 and/or Labor Code §1194(a);

As to the Eighth Cause of Action for Unfair Competition:

a. For an accounting, under the administration of Plaintiff and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

b. For an Order requiring Defendants to identify each of the members of the Classes by name, home address, home telephone number and, if available, email address;

c. For an Order requiring Defendants to make full restitution and payment pursuant to California law;

d. For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

e. For all other appropriate injunctive, declaratory and equitable relief;

f. For interest to the extent permitted by law;

g. For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other applicable provision of law;

As to All Causes of Action:

a. For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred.

DATED: November 3, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: ______________________
Ramin R. Younessi, Esq.
Attorney for Plaintiff
ALEJANDRO GARCIA PUENTES, on behalf of himself, and all others similarly situated

11/17/2020

**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED: November 3, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: ______________________________
Ramin R. Younessi, Esq.
Attorney for Plaintiff
ALEJANDRO GARCIA PUENTES, on behalf of himself, and all others similarly situated

11/17/2020